Brylski v Residence Inn by Marriott the Bronx at Metro Ctr. Atrium
2026 NY Slip Op 03625
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jeffrey Brylski, as Executor of the Estate of Sheila Brylski et al., Plaintiffs-Respondents, Simone Development Corporation, et al., Defendants-Respondents,
v
Residence Inn by Marriott The Bronx at Metro Center Atrium, et al., Defendants-Appellants.

Decided and Entered: June 09, 2026
Index No. 35423/19|Appeal No. 6839|Case No. 2025-02256|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Strikowsky Drachman & Shapiro PLLC, New York (Sim R. Shapiro of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for Jeffery Brylski, respondent.

[*1]
Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered January 22, 2025, which, to the extent appealed from as limited by the briefs, denied the cross-motion of defendants Residence Inn by Marriott, LLC, s/h/a Residence Inn by Marriott the Bronx at Metro Center Atrium, Residence Inn by Marriott Inc., and Residence Inn by Marriott LLC, 1776 Atrium Hotel, LLC, and Hutch Hospitality Management, LLC (collectively, the Marriott defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff alleges that she tripped and fell over the protruding leg of a swing chair placed next to a window in the lobby of the Marriott Residence Inn. She alleges the Marriott defendants were negligent in the placement of the swing chair. The incident was partly caught on video.
The Marriott defendants failed to establish as a matter of law that they did not breach the duty to warn or protect against a dangerous condition, as the video evidence that they submitted on their motion is inconclusive as to the precise cause of the decedent's accident (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71 [1st Dept 2004]). The evidence does not conclusively establish the visibility, placement, or dimensions of the swing chair leg that allegedly caused the decedent to trip and fall, nor does the evidence establish whether the chair's leg intruded into a pedestrian pathway (see Jackson v Paramount Decorators Inc., 132 AD3d 583, 583 [1st Dept 2015]; Johnson-Glover v Fu Jun Hao Inc., 138 AD3d 499, 500 [1st Dept 2016]). Thus, whether the chair was inherently dangerous, and created a "trap for the unwary," is an issue of fact (Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200, 200 [1st Dept 2004]; see Jackson, 132 AD3d at 583). Furthermore, the Marriott defendants' motion was not supported by an affidavit from anyone with personal knowledge of the incident (CPLR 3212[b]; see Gentile v 2400 Johnson Ave. Owner, Inc., 224 AD3d 542, 543 [1st Dept 2024]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026